UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Donte Johnson,<br><br>    Petitioner<br> v.<br><br>Timothy Filson, *et al.*,<br><br>    Respondents | Case No. 2:18-cv-00740-JAD-NJK<br><br>**ORDER** |

Nevada prisoner Donte Johnson brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction and death sentence for the 1998 deaths of four men. On April 23, 2018, Johnson filed a *pro se* habeas corpus petition,[1] along with an application for leave to proceed *in forma pauperis*[2] and a motion for appointment of counsel.[3] The Court promptly granted Johnson's motion for counsel and application for leave to proceed *in forma pauperis*, but did not waive the payment of the filing fee.[4] Johnson paid the filing fee on May 21, 2018.[5] The Court appointed the Federal Public Defender for the District of Nevada (FPD) to represent Johnson, and ordered the FPD to file a notice of appearance as counsel for petitioner or a notice indicating its inability to represent petitioner in these proceedings. The Court also directed the Clerk of the Court to serve Johnson's petition and ordered respondents to appear; they did so on May 2, 2018.[6]

---

[1] ECF No. 2.

[2] ECF No. 1.

[3] ECF No. 4.

[4] *See* Order entered April 26, 2018 (ECF No. 5).

[5] ECF No. 7.

[6] ECF No. 6.

1

On May 23, 2018, the FPD filed a Notice of Conditional Acceptance of Appointment as Counsel for Petitioner and Disclosure of Conflict.[7] In that filing, the FPD disclosed that it has a potential conflict with respect to the representation of Johnson—a paralegal in the Capital Habeas Unit of the FPD, Katrina Davidson, formerly worked as a legal assistant for the attorney who represented Johnson at his 2000 trial. The FPD notified the Court that Johnson wishes to be represented by the FPD in this federal habeas corpus action, and Johnson has executed a waiver of the conflict.[8] The FPD describes the measures it has taken to ameliorate the effects of the conflict, and the FPD has filed a copy of a memorandum regarding those measures.[9] The Court has examined the notice, the memorandum, and Johnson's waiver, and **the Court now accepts the waiver.**

Accordingly, **the Court now sets this schedule** for proceedings under Federal Rule of Civil Procedure 16(b), the Rules Governing Section 2254 Cases in the United States District Courts, and Local Rule 16-1:

1. <u>Amended Petition</u>. If necessary, petitioner will file and serve an amended petition for a writ of habeas corpus within 60 days after the entry of this order. In it, he must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If petitioner determines that an amended petition does not need to be filed, then, within the time for the filing of an amended petition, petitioner must instead file and serve a statement to that effect.

2. <u>Response to Petition</u>. Respondents will have 60 days after service of the amended petition to file and serve an answer or other response to the amended petition. If petitioner does

---

[7] ECF No. 8.

[8] *See* Notice of Conditional Acceptance of Appointment as Counsel for Petitioner and Disclosure of Conflict (ECF No. 8); Declaration of Donte Johnson (ECF No. 8-1).

[9] *See* Notice of Conditional Acceptance of Appointment as Counsel for Petitioner and Disclosure of Conflict (ECF No. 8); Memorandum (ECF No. 8-2).

2

not file an amended petition, respondents will have 60 days following the due-date for the amended petition to file and serve an answer or other response to the original petition.

3. <u>Reply and Response to Reply</u>. Petitioner will have 45 days after service of an answer to file and serve a reply. Respondents will then have 30 days following service of a reply to file and serve a response to the reply.

4. <u>Briefing of Motion to Dismiss</u>. If respondents file a motion to dismiss, petitioner will have 30 days after service of the motion to file and serve an opposition to the motion. Respondents will then have 30 days after service of the opposition to file and serve a reply.

5. <u>Discovery</u>. If petitioner wishes to move for leave to conduct discovery, he must file and serve such a motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. If he files a motion for leave to conduct discovery before that time, it may be considered premature and denied without prejudice on that basis. Respondents will file and serve a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Petitioner will then have 20 days to file and serve a reply in support of the motion for leave to conduct discovery. If the Court grants leave, the Court will then establish time limits for the completion of the authorized discovery.

6. <u>Evidentiary Hearing</u>. If petitioner wishes to request an evidentiary hearing, he must file and serve a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any such motion filed by petitioner before that time may be considered premature and denied without prejudice on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files such a motion, respondents will file and serve a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have 20 days to file and serve a reply in support of the motion.

7. <u>Status Reports and Status Conferences</u>. The Court may from time to time, as the need arises, schedule status conferences, and/or require the filing and service of status reports, in order to manage the progress of this action.

**IT IS SO ORDERED**.

Dated: June 11, 2018

_____
U.S. District Judge Jennifer A. Dorsey