UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Donte Johnson,

    Petitioner

      v.

William Gittere, *et al.,*

    Respondents.

Case No. 2:18-cv-00740-JAD-NJK

**Order Denying Petitioner's Motion to File Exhibit Under Seal [ECF No. 16]**

In this capital habeas corpus action, the petitioner, Donte Johnson, represented by appointed counsel, filed a motion requesting leave of court to file an exhibit under seal. I gave Johnson an opportunity to show cause why the exhibit should be filed under seal. He responded. I find that he did not show cause, so I will deny the motion.

Johnson filed an amended petition for writ of habeas corpus on December 20, 2018.[1] Along with his amended petition, Johnson filed, under seal, a Motion for Leave to File Exhibits Under Seal and Notice of Sealed Filing.[2] Johnson filed a corrected version of the motion, not under seal.[3] In the motion, Johnson requests leave of court to file under seal his Exhibit 63, which is the transcript of a deposition.

In an order filed the next day, I found that Johnson did not show cause for the sealed filing, and I granted him an opportunity to do so.[4] Johnson responded to the order to show cause.[5] The respondents did not reply. In his response, Johnson concedes that there is no compelling reason to prevent public access to the transcript of the deposition. Johnson points out that the state trial court sealed the transcript out of concern that the information in it would taint

---

[1] ECF No. 14.
[2] ECF No. 13.
[3] ECF No. 16.
[4] ECF No. 17.
[5] ECF No. 18.

the jury pool and prevent Johnson from receiving a fair trial. Johnson acknowledges that this concern is no longer present.[6]

There is a strong presumption in favor of public access to judicial filings and documents.[7] However, a court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for "improper purposes."[8] To justify a sealed filing, the party seeking to have the material filed under seal must show a "compelling reason" for the sealed filing.[9] Johnson does not meet this standard. There is no compelling reason to file his Exhibit 63 under seal.

**IT IS THEREFORE ORDERED** that Petitioner's Corrected Motion for Leave to File Exhibits Under Seal **[ECF No. 16] is DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will have until February 15, 2019, to file Exhibit 63, not under seal. If Petitioner does not file that exhibit in that manner by that date, I will direct the Clerk of the Court to strike the sealed filing of that exhibit from the record.

Dated: January 25, 2019.

JENNIFER A. DORSEY,
UNITED STATES DISTRICT JUDGE

---

[6] *See* Response to Court's Order to Show Cause Why Exhibit 63 Should Be Filed Under Seal (ECF No. 18).
[7] *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003).
[8] *See Nixon*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir. 1995); *Kamakana*, 447 F.3d at 1179; *see also* Fed. R. Civ. P. 5.2(d); LR IA 10-5.
[9] *See Kamakana*, 447 F.3d at 1178.