# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Donte Johnson,

    Petitioner

v.

William Gittere, et al.,

    Respondents

Case No. 2:18-cv-00740-JAD-NJK

**Order Granting Motion for Stay and Abeyance**

[ECF No. 26]

Petitioner Donte Johnson moves to stay this capital habeas case while he exhausts claims in state court.[1] The respondents have filed a notice stating that they do not oppose Johnson's motion.[2] I grant the motion and stay this case while Johnson completes his state-court litigation.

## Background

Johnson was convicted in 2005 in Nevada's Eighth Judicial District Court, in Clark County, of first degree murder and other crimes related to the 1998 robbery and killing of Matthew Mowen, Jeffrey Biddle, Tracey Gorringe, and Peter Talamantez.[3] After a direct appeal and state habeas petitions, Johnson initiated this federal habeas action on April 3, 2018.[4] I appointed the Federal Public Defender for the District of Nevada (FPD) to represent him[5] and, with counsel, Johnson filed an amended habeas petition on December 20, 2018.[6]

---

[1] ECF No. 21.

[2] ECF No. 24.

[3] *See* Amended Petition for Writ of Habeas Corpus (ECF No. 14) at 3–7.

[4] *See id.* at 8–10; *see also* Petition for Writ of Habeas Corpus (ECF No. 2).

[5] ECF No. 5.

[6] ECF No. 14.

**Discussion**

In *Rhines v. Weber*,[7] the United States Supreme Court limited the district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads both exhausted and unexhausted claims—known as a mixed petition—the district court may stay the petition to allow the petitioner to return to state court to exhaust the unexhausted ones only if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[8] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[9] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[10] The Supreme Court's opinion in *Pace v. DiGuglielmo*,[11] suggests that this standard is not particularly stringent, as the High Court held that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."[12]

Johnson contends that he meets these requirements for a stay, and respondents do not disagree. Focusing on Claims 3(A), 4(F)–(J) and 14(B)(18), as Johnson does, I determine that Johnson has shown good cause for his failure to previously exhaust those claims. He contends in

---

[7] *Rhines v. Weber*, 544 U.S. 269 (2005).

[8] *Id.* at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

[9] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[10] *Id.*

[11] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[12] *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

these claims that his post-conviction counsel was ineffective.[13] I also find that Johnson has sufficiently shown that those claims are potentially meritorious.[14] And there is no showing that Johnson has engaged in intentionally dilatory litigation tactics.[15] Therefore, I conclude that the requirements for a *Rhines* stay of this action pending exhaustion of Johnson's claims in state court are satisfied, and I grant Johnson's motion for a stay.

In exercising my discretion, I take into account the Nevada Supreme Court's holding in *Crump v. Warden*,[16] under which there is a possibility that the Nevada courts may consider Johnson's unexhausted claims, on their merits, upon a showing of ineffective assistance of his post-conviction counsel. My intention is that this will be the last time that this action is stayed to facilitate exhaustion of claims in state court. Johnson must exhaust all his unexhausted claims in state court during the stay imposed by this order.

**IT IS THEREFORE ORDERED** that Johnson's Motion for Stay and Abeyance **[ECF No. 21] is GRANTED**. **This action is STAYED while Johnson exhausts his unexhausted claims for habeas corpus relief in state court.**

IT IS FURTHER ORDERED that **Johnson must file a status report by June 15, 2019,** describing the status of his state-court proceedings, a**nd he must file a status report every six months thereafter** (on or before December 15, 2019; June 15, 2020; etc.) until this stay is lifted. Respondents may, if necessary, file a response to any of those status reports within 15 days after its filing, and Johnson will have 15 days from any response to file a reply.

---

[13] *See* Motion for Stay and Abeyance (ECF No. 21) at 3–6.
[14] *See id*. at 6–13.
[15] *See id*. at 14; *see also* Non-Opposition to Motion for Stay and Abeyance (ECF No. 24).
[16] *Crump v. Warden*, 934 P.2d 247 (1997).

**IT IS FURTHER ORDERED** that **Johnson must move to lift this stay within 30 days after the conclusion of his state court proceedings.** If Johnson does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during this stay, the court may entertain a motion by respondents to dismiss this action.

Dated: March 22, 2019

_____
U.S. District Judge Jennifer A. Dorsey